Case 2:15-cv-00160   Document 21   Filed in TXSD on 11/30/15   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
November 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRAD WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-160 |
| | § | |
| KLEBERG COUNTY JAIL, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

On July 24, 2015, United States Magistrate Judge B. Janice Ellington issued a Memorandum and Recommendation to Dismiss Case (M&R, D.E. 19), recommending that Plaintiff's civil rights action under 42 U.S.C. § 1983 be dismissed for failure to state a claim upon which relief may be granted. Plaintiff timely filed his objections (D.E. 20), denominated as an Appeal, on August 3, 2015. Plaintiff states four numbered objections, each of which are addressed below.

First, Plaintiff complains that he did, indeed, notify the Court of his change of address, contrary to the Magistrate Judge's footnote on page 2 of the M&R. The Court notes that Plaintiff's change of address was filed on July 23, 2015, the day prior to the issuance of the M&R. D.E. 18. Most likely, Plaintiff's change of address was not noted due to timing issues related to the processing of M&Rs.

While Plaintiff is correct in his objection, the issue is not material to the decision regarding whether his complaint states claims upon which relief may be granted. The Magistrate Judge tracks the Plaintiff's location in connection with concerns regarding the

Court's jurisdiction.  The only substantive concern is whether Plaintiff's location has been correctly identified rather than how it was identified.  Plaintiff's first objection is **SUSTAINED**, but has no effect on the outcome of this case.

In his second and fourth objections, Plaintiff objects that he has never admitted that he suffered no injury as a result of the lack of a CPAP machine to treat his sleep apnea.  "I NEVER claimed that and can NOT [sic] claim that because I am not a Dr. and can not [sic] make medical evaluations."  D.E. 20, p. 1.  In stating his objection, Plaintiff confirms that he has not, and cannot claim any impact on his health.  Because a serious threat to health is a part of the objective component of a § 1983 claim for deliberate indifference to serious medical needs, his complaint has a fatal omission.

His diagnosis of sleep apnea, alone, does not satisfy the serious medical needs test when treatment is provided, but there is some lapse in that treatment.  *See Smith v. Carpenter*, 316 F.3d 178, 187 (2d Cir. 2003) (HIV status, while serious, was not determinative where the question was a temporary deprivation of treatment, with no evidence of an impact on the prisoner's health).  So while the Court does not hold Plaintiff to any alleged admission that he was uninjured, his inability to claim, affirmatively, that he was injured is an appropriate reason for the denial of his claim.  Plaintiff's second and fourth objections are **OVERRULED**.

In his third objection, Plaintiff objects to the statement that he failed to establish that any particular jail employee was aware of his serious medical needs and was deliberately indifferent to them.  He states that he informed the Magistrate Judge of the names of jail employees who "did this negligent and erroneous medical treatment."  D.E.

20, p. 1. As the M&R correctly observes, negligent and erroneous medical treatment does not, without more, rise to the level of a constitutional claim of deliberate indifference to serious medical needs. The names of jail employees is not enough. Each such employee must be shown to have participated in a violation that is actionable under § 1983. Plaintiff's third objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Plaintiff's first objection and **OVERRULES** Plaintiff's second, third, and fourth objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge as corrected, above. Accordingly, this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 30th day of November, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE